# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LILLIAN B. SMITH,
:
      Plaintiff,                Case No. 3:05-cv-066

:        District Judge Walter Herbert Rice
  -vs-                          Chief Magistrate Judge Michael R. Merz

PROVIDIAN NATIONAL BANK,
:
      Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

This case is before the Court on Defendant's Motion for Summary Judgment (Doc. No. 24). When the Motion was filed, the Court notified Plaintiff of her obligation to respond and of the quality of evidence required in response (Doc. No. 25). On February 27, 2006, Plaintiff responded as follows:

> Every [sic] since my deposition with Attorney Anthony M. Gantous who is the attorney for Providian National Bank, I have been trying to locate my then Dr. Sandra Mendel who I am told is out of the country. I was in touch with her medical assistant (she sent via fax) the Credit Protection form on June 8th, due on June 9th. However, she is no longer with PriMed Physicians and would not have access to my records. I was told that the office could be contacted to verify that the form was signed and faxed. They did not see the need to verify that it was received. I really thought that the proof that was included in my original suit was all I needed.

Doc. No. 26.

1

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56.  On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970).  Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;  the requirement is that there be no *genuine* issue of *material* fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original). Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law.  Fed. R. Civ. P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).  If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate.  *Id*.  The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

2

"If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50, 106 S. Ct. at 2510-11 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th Cir. 1996). "On summary judgment," moreover, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510.

The moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323; *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted). If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n.*, 968 F. 2d 606, (6th Cir. 1992), *cert. denied*, 506 U.S. 1054, 113 S. Ct. 979, 122 L.Ed.2d 133 (1993).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal*

3

*Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

**Analysis**

Defendant Providian Bank establishes the following facts by Affidavit and from the Plaintiff's deposition.

Providian is a credit care issuer which issued both a Visa and a Master Card to the Plaintiff. In connection with her credit cards, Plaintiff obtained "credit card protection" which essentially provided for suspension of interest, late fees, and any obligation to pay on the principal balance during a period when the card holder was disabled. After obtaining the protection, Ms. Smith became disabled, furnished adequate proof thereof to Providian, and was excused from making payments for a period of time. However, as a condition of continued excuse from payment, cardholders were required to provide evidence of continuing disability if requested. Inferentially, Ms. Smith admits that such proof was due on June 9, 2004. She claims that a medical assistant to her then doctor told her she sent the proof on June 8, 2004. However, that testimony, even assuming Ms. Smith were herself to swear to it, is hearsay, which is not admissible in evidence either at trial or in opposition to a motion for summary judgment. Ms. Smith further avers that she was told the PriMed Physicians' office could be contacted to verify the form was sent. However, providing proof in a lawsuit is not the obligation of the Court, but rather the obligation of the party who asserts the fact to be proved. Here the burden of proving that the proof of disability was sent is on Plaintiff and

4

she has failed to meet that burden with admissible evidence.

The Court has also examined the documentary evidence filed by the Plaintiff with the original Complaint. The Court puts to one side for the moment the requirement that certified authentic copies be filed and assumes, for purposes of argument, the authenticity of the documents attached to the Complaint. The documentation shows that Providian recognized Ms. Smith's initial claim of disability on October 5, 2003. On June 9, 2004, Providian reminded Ms. Smith of the need to submit a "current letter from an attending physician." There is a document dated July 8, 2004, on the letterhead of PriMed Physicians purportedly from Sandra Mendel and stating that Lillian Akbar (the Plaintiff) is totally disabled because of "diffuse arthritis." That document does not show that it was faxed although it is attached to a document signed by Plaintiff and addressed to "Dave" which claims that the document was faxed. An attached Credit Protection Activation Request form from a different physician (dated 9/15/2003) shows the disability as temporary and resulting from an accident with an expected return to work date of January 1, 2004. Plaintiff admitted at her deposition that she could not provide any documentary proof that she had supplied Providian with proof of continued disability. In sum, her contract with Providian required Ms. Smith to provide proof of continued disability when requested and she has submitted to admissible evidence that she did so.

Plaintiff's claim in her Complaint is that she has been harassed by Providian about not paying on her accounts and that she has suffered a "stressful medical condition" as a result. However, as noted in Providian's Motion, Plaintiff has failed to provide any evidence related to this condition as required by Fed. R. Civ. P. 26(a)(1).

Providian also seeks summary judgment on its Counterclaim for the unpaid balances on the Visa and MasterCard cards. At her deposition, Ms. Smith admitted she owes the balances on these cards claimed by Providian, $14,214.01 on her Visa account, and $6,721.99 on the Master Card.

5

In her Response, Ms. Smith offers no reason why these amounts are not due and owing.

The Court concludes there are no genuine issues of material fact and Providian is entitled to judgment as a matter of law. Accordingly, the Motion for Summary Judgment is granted. The Clerk will enter judgment in favor of Providian and against Plaintiff, dismissing all claims in the Complaint with prejudice and entering judgment against Plaintiff in the amount of $20,936.00.

March 8, 2006.

s/ Michael R. Merz<br>
Chief United States Magistrate Judge